FILED
SUPERIOR COURT
OF GUAM

2022 JUL -5 PM 3: 45

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ESTATE OF GLEN CRUZ JR., SONIA K. CRUZ, and TANYA CRUZ,<br><br>Plaintiffs,<br><br>vs.<br><br>DETRY CORPORATION, CENTURY INSURANCE COMPANY (GUAM) LIMITED, and DOES 1-5,<br><br>Defendants. | CIVIL CASE NO. CV0696-21<br><br><br>DECISION AND ORDER RE MOTION FOR SUMMARY JUDGMENT AND MOTION FOR RULE 11 SANCTIONS |

This matter came before the Honorable Dana A. Gutierrez on April 4, 2022 for a hearing on Defendants' Motion for Summary Judgment and Defendants' Motion for Rule 11 Sanctions ("Rule 11 Motion). Present via Zoom were Attorney Rachel Taimanao-Ayuyu representing Plaintiffs Estate of Glen Cruz Jr., Sonia K. Cruz, and Tanya Cruz ("Plaintiffs"); and Attorney Tim Roberts representing Detry Corporation ("Detry"), Century Insurance Company (Guam) Ltd. and Does 1-5 (collectively "Defendants"). Upon a review of the pleadings and in consideration of the arguments presented by the parties, the Court now issues this Decision and Order **GRANTING** Defendants' Motion for Summary Judgment and **DENYING** Defendants' Motion for Rule 11 Sanctions.

### BACKGROUND

The instant matter arises out of Plaintiffs' Complaint asserting the following causes of action against Defendants: 1) Wrongful Death; 2) Loss of Consortium; 3) Emotional Distress; 4)

Respondeat Superior Liability; and 5) Insurance Liability. Compl., at ¶ 15-54 (Sept. 28, 2021). The Complaint was brought by the Estate of Glen Thomas Cruz Jr., by and through its Special Administrator Erika Alford, by Sonia K. Cruz, the Decedent's biological mother, and by Tanya Cruz, the Decedent's biological sister. *Id.* at ¶ 2-4.

The Complaint alleges that on or about October 1, 2020, Glen Thomas Cruz Jr. ("Decedent") was a front passenger in a Detry-owned truck while Detry employee, Alan S. Calanda ("Calanda"), was driving. *Id.* at ¶ 8-9. While Calanda was driving, Calanda lost control of the vehicle, the Detry truck's brakes ceased working, Calandra attempted to turn left at an intersection, and ultimately, the Detry truck tipped on its side, rolled, and came to a stop on the driver's side. *Id.* at ¶ 10-12.

As a result of the accident, Decedent received multiple traumatic internal and external injuries and was pronounced dead at Guam Memorial Hospital on October 1, 2020. *Id.* at ¶ 13. The Complaint alleges that Decedent was not an employee of Detry subject to the exclusive remedies of worker's compensation. *Id.* at ¶ 14.

On October 18, 2021, Defendants filed an Answer to the Complaint and on November 3, 2021, Defendants filed their First Amended Answer to Plaintiffs' Complaint. On November 30, 2021, Defendants filed their Motion for Summary Judgment asserting that Decedent died while acting in the course and scope of his employment with Detry, and therefore, Plaintiffs' exclusive remedy for their injuries is worker's compensation. The Motion for Summary Judgment was supported by the Declarations of Attorney Tim Roberts, Leilanie Deliguin, and Nobuko S. Miranda. Plaintiffs filed their Opposition to the Motion for Summary Judgment on January 10, 2022. Defendants filed their Reply on January 19, 2022.

On December 27, 2021, Defendants filed their Rule 11 Motion. On January 24, 2022, Plaintiffs filed their Opposition to the Rule 11 Motion. On February 1, 2022, Defendants filed their Reply to the Opposition.

On February 10, 2022, the Court issued a CVR 7.1 Form 3 setting a hearing on both Motions for April 4, 2022. Although the briefing period had closed, Plaintiffs filed a Declaration of Erika M. Alford on April 1, 2022 ("Alford's Declaration").

The Court heard oral argument from the parties on April 4, 2022 and took the matter under advisement. On May 17, 2022, Defendants filed a Sur-Reply on the Declaration of Erika M. Alford.[1]

## DISCUSSION

### I. Motion for Summary Judgment.

Pursuant to Rule 56(c) of the GRCP, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam) Inc.*, 1997 Guam 10 ¶ 7. The factual dispute must concern

---

[1] CVR 7.1(d)(1) of the Local Rules of the Superior Court of Guam provides that "[t]he opposing party may **within twenty-eight (28) days** of the filing of the motion, file with the clerk . . . (A) a memorandum in support thereof . . . and (C) any affidavits or declarations under penalty of perjury[.]" (emphasis added). Further, CVR 7.1(f) provides that "[p]apers not timely filed by a party including any . . . papers required to be filed under this Rule shall not be considered without leave of Court."

At the April 4, 2022 hearing, Defendants did not object to the late filing of Alford's Declaration. Therefore, the Court did not strike the Plaintiffs' untimely submission of Alford's Declaration. Thus, although Defendants did not request leave of court to file the sur-reply, this Court, in its discretion, will consider both Alford's Declaration and the Defendants' Sur-Reply to Alford's Declaration.

a material fact. *Id.* "A 'material fact' is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.*

In addition, "the court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7. The court's "ultimate inquiry is to determine whether a 'specific fact' set forth by the nonmoving party, coupled with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8.

## A.    There Are No Genuine Issues of Material Fact.

Pursuant to 22 GCA § 9106, "if the employer has obtained the coverage prescribed by the statute then the liability of the employer for compensation is exclusive and in place of all other liability of such employer to the employee." *Amerault v. Intelcom Support Serv., Inc.*, 2004 Guam 23 ¶ 12 (citing 22 GCA § 9106). Plaintiffs do not dispute the issue of whether Detry obtained the required worker's compensation coverage, nor do they dispute that *if* Decedent qualified as an "employee" of Detry, then worker's compensation would be Decedent's exclusive remedy.

Plaintiffs instead argue that Decedent did not meet the definition of "employee" pursuant to 22 GCA § 9103(i). Opp., at 4 ("[T]here exists genuine issues of material fact as to the employer-employee relationship between decedent and Detry."). Thus, the relevant issue in this case is whether Decedent qualified as an "employee" under 22 GCA § 9103(i).

Defendants assert that the undisputed facts of this case demonstrate that at the time of his

4

accident in the Detry truck, Decedent was an employee of Detry acting in the course and scope of his employment, and Detry had worker's compensation insurance covering Decedent. Mot., at 2-4. Based on this, Defendants argue that as a matter of law, Plaintiffs' civil action is barred because their exclusive remedy is worker's compensation. *Id.* at 4-11.

In opposition, Plaintiffs acknowledge the facts put forth by Defendants, but argue that "there is no evidence presented that the decedent was not a purely casual employee in the short time that he allegedly returned to employment with Detry on the date of his death." Opp., at 4. Without directing the Court to any specific disputed fact, Plaintiffs argue that they "must be afforded the opportunity to conduct discovery in the matter and have the opportunity to present evidence not personally known to them at this early stage of the litigation." *Id.*

When determining whether a material fact exists, "if the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 23. "A genuine issue exists when there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder. [. . .] However, the dispute must involve a 'material fact.'" *Government of Guam v. Gutierrez*, 2015 Guam 8 ¶ 25 (internal citations omitted).

Title 22 GCA § 9103(i) defines "employee" as:

> [A]ny person who has entered into the employment of or works under contract of service or apprenticeship with an employer. It includes aquacultural and agricultural workers but **excludes a person whose employment is purely casual and not, for the purpose of the employer's trade or business**. As used herein the term employee includes any person who has worked forty (40) hours per week during the previous sixty (60) days, exclusive of holidays, for the same employer.

(emphasis added). The Guam Supreme Court has ruled that the exclusion provision within this

statute must be applied in the conjunctive, holding that "a person who may be under contract for services is an employee *except* if his employment is casual *and* not for the purpose of the employer's trade or business." *Villalon v. Hawaiian Rock Products, Inc.*, 2001 Guam 5 ¶ 23.

With respect to facts in this case, Decedent was hired to work for Detry on July 18, 2019. Decl. of Nobuko S. Miranda, at ¶ 2 ("Miranda's Declaration"). He separated from the company from August 4, 2020 through September 11, 2020. *Id.* He was rehired by Detry on September 11, 2020. *Id.* On the date of his accident, Decedent was employed by Detry as a General Helper. *Id.* The accident occurred while the Decedent and Calanda were on a work trip. *Id.*

Miranda's Declaration attaches copies of Decedent's partially handwritten timesheets for the relevant payroll periods, demonstrating the Decedent clocked hours working for Detry from July 28, 2020 through August 3, 2020, and then from September 11, 2020 through October 1, 2020. *Id.* at ¶ 3, Exhibit 1. Miranda's Declaration also attaches copies of Decedent's direct deposit payroll records with Detry for 2020, his paystub records with Detry for the payroll periods from June 28, 2020 through October 9, 2020, and Decedent's W-2GU Guam Wage and Tax Statement for 2020. *Id.* at ¶ 4-6, Exhibits 2-4.

Plaintiffs do not allege that the aforementioned facts are in dispute, nor do they offer "significant probative evidence tending to support the" allegation in that Complaint that Decedent was "not an employee of Detry subject to the exclusive remedies of worker's compensation." Rather, Plaintiffs merely assert that Defendants did not present evidence that the Decedent was *not* purely a casual employee. Opp., at 4.

Plaintiffs do present Alford's Declaration which alleges facts related to Decedent's employment while he was separated from his employment with Detry from August 4, 2020

6

through September 11, 2020. Assuming the relevant facts offered by Plaintiffs are true, Decedent applied for employment with Rocky Mountain Precast ("Rocky Mountain") on August 24, 2020. Alford's Decl., at ¶ 3. Decedent was not employed by Detry on August 24, 2020. *Id.* at ¶ 4. Decedent was hired by Rocky Mountain on or about August 31, 2020. *Id.* at ¶ 5. Decedent clocked hours working for Rocky Mountain on September 1, September 2, September 4, and September 5, 2020 and was paid as a Rocky Mountain employee for working those hours. *Id.* at ¶ 6, Exhibit B. Decedent was not an employee of Detry in August 2020. *Id.* at ¶ 7.

Alford asserts that if Decedent worked for Detry after August 2020, "it would have been casual employment," however, none of the facts offered in Alford's Declaration are relevant to the time period after which Decedent was rehired by Detry on September 11, 2020. *See id.* at ¶ 13. Furthermore, Plaintiffs have not alleged any facts to support this assertion, nor have they identified which facts put forward by Defendants are in dispute.

Plaintiffs' implication that Defendants' bear the burden to demonstrate that Decedent was not a casual employee of Detry is not the correct application of Guam law. *See* Opp., at 4. Because Defendants have demonstrated that there are no genuine issues of material fact, the burden shifts to Plaintiffs to "produce at least some significant probative evidence tending to support the" Complaint's allegation that Decedent was "not an employee of Detry subject to the exclusive remedies of worker's compensation." *See Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 23.

Here, Plaintiffs have failed to offer any evidence demonstrating that Decedent was not Detry's employee at the time of his accident. Therefore, the Court finds that there is no genuine dispute as to any material facts regarding the issue of whether Decedent's employment was

7

"purely casual" and "not for the purpose of [Detry's] trade or business."[2] 22 GCA § 9103(i).

### B.     Defendants Are Entitled to Judgment As a Matter of Law.

As this Court finds that there is no genuine issue of material facts regarding whether Decedent's employment was "purely casual" and "not for the purpose of Detry's trade or business," the Court turns to whether Defendants are entitled to judgment as a matter of law.

Plaintiffs assert that Decedent is excluded under 22 GCA § 9103(i) because the definition of "employee" additionally provides that "employee includes any person who has worked forty (40) hours per week during the previous sixty (60) days, exclusive of holidays, for the same employer." Opp., at 3.[3] Plaintiffs argue that the Guam Supreme Court has not yet had the occasion to decide the issue of whether an employee under 22 GCA § 9103(i) must have worked forty hours per week during the previous sixty days for the same employer. *Id.*

The Guam Supreme Court has held that although "it is a principle of statutory construction to look first at the plain language of the statute," it is "also fundamental that a construction resulting in an absurd and unjust result and would clearly be inconsistent with the purposes and policies of the act in question should be avoided." *Villalon*, 2001 Guam 5 ¶ 24. More than one absurd result would occur if the Court were to adopt Plaintiffs' assertion that "employee" does not include any person who has not worked forty hours per week during the

---

[2] The Court notes that even assuming, *arguendo*, Plaintiffs provided sufficient evidence to demonstrate that Decedent's employment was "purely casual," 22 GCA § 9103(i) must be read in the conjunctive. *Villalon*, 2001 Guam 5 ¶ 23. As Plaintiffs do not address, or even acknowledge, the second requirement—whether Decedent's employment was not for the purpose of Detry's trade or business—Plaintiffs have failed to offer sufficient evidence to demonstrate that Decedent is excluded as an employee under 22 GCA § 9103(i). *See, e.g., Scott v. Rhoads*, 51 N.E.2d 89, 90 (Ind. Ct. App. 1943); *Kunkler v. Mauck*, 1940, 27 N.E.2d 97, 99 (Ind. Ct. App. 1940) (holding that an injured employee may recover compensation even though his employment is casual, if such employment is in the usual course of employer's business).

[3] It is undisputed that Decedent did not work forty hours for Detry over the span of sixty days prior to his accident, and neither party raises this as a factual issue.

previous sixty days.

First, 22 GCA § 9103(i) states that the term employee "**includes** aquacultural and agricultural workers[.]" (emphasis added). Additionally, 22 GCA § 9103(i) states that the term employee "**includes** any person who has worked forty (40) hours per week during the previous sixty (60) days[.]" (emphasis added). "As a matter of statutory construction, a word or phrase repeated in a statute should be given the same meaning throughout, unless there is a clear indication that the legislature intended a different meaning." 82 C.J.S. *Statutes* § 394 (2022).

Thus, if the Court were to interpret the word "includes" as excluding any person who has not worked forty hours per week during the previous sixty days, then pursuant to general rules of statutory construction, the Court should also interpret the word "includes" as excluding any person who is not an "aquacultural" or "agricultural" worker. This is clearly an absurd result that would be inconsistent with the intended application of Guam's Worker's Compensation Act. *See Villalon*, 2001 Guam 5 ¶ 24.

Additionally, if the Court were to accept Plaintiffs' purported interpretation of the statute, the result would mean that newly hired employees working less than forty hours per work week would be precluded from collecting worker's compensation if injured while acting within the course and scope of their employment. Furthermore, an employee who does not consistently work forty hours per work week would have coverage during some time periods, but would lose coverage during others. These are other absurd results which this Court declines to adopt in the absence of any binding or persuasive authority interpreting the statute to have such an effect.[4]

Because there is no genuine dispute as to any material facts regarding the issue of

---

[4] Plaintiffs offered no case law to support their interpretation, and this Court has not found such case law in its own search.

whether Decedent's employment was "purely casual" and "not for the purpose of [Detry's] trade or business," and the Court declines to interpret the statute as excluding employees who have not yet worked forty hours over the span of sixty days, the Court finds that Decedent qualified as an statutorily defined "employee" as a matter of law pursuant to 22 GCA § 9103(i). Therefore, under 22 GCA § 9106, worker's compensation is the Plaintiffs' exclusive remedy to recover for any liability of Detry to Decedent. *See Amerault*, 2004 Guam 23 ¶ 12 (citing 22 GCA § 9106). As worker's compensation is the Plaintiffs' exclusive remedy, the instant civil action is improper, and Defendants are entitled to summary judgment as a matter of law.

## II.    Motion for Rule 11 Sanctions.

Defendants move the Court to award Rule 11 sanctions against Plaintiffs pursuant to Rule 11(b)(2) of the Guam Rules of Civil Procedure ("GRCP"), arguing that Plaintiffs' Complaint is not warranted by existing law, and at best, can be characterized as a frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Mot. for Sanctions, at 1-2. In opposition, Plaintiffs argue that their interpretation of 22 GCA § 9103(i) provides them with a plausible legal theory which does not warrant sanctions. Opp., at 1-5.

Rule 11(b)(2) of the GRCP provides that:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

Rule 11 "is designed to vest trial courts with wide discretion in sanction decision-making." *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Authority*, 2014 Guam 12 ¶ 29 (internal citations omitted). A trial judge "is entitled not only to the ordinary deference due the

10

trial judge, and additional deference in the entire area of sanctions, but extraordinary deference in denying sanctions." *Id.* "The court's inherent power to sanction affords the trial court even more discretion and requires a higher threshold of misconduct." *Id.*

The Court finds the present case analogous *DFS*, 2014 Guam 12. In *DFS*, the plaintiff argued that Guam's statutory scheme regarding procurement appeals allowed it to choose between taking its protest to the Superior Court or to the Office of Public Accountability after the Airport Authority denied its initial protest. *Id.* at ¶ 31. The argument required the trial court to conduct statutory interpretation, and the trial court was not persuaded by DFS's argument. *Id.* Although the trial court granted the defendants' motion to dismiss, the trial court denied the defendants' motion for Rule 11 sanctions. *Id.*

Upon review of the trial court's denial of sanctions, the Guam Supreme Court held that "there is a significant difference between a weak or unpersuasive argument and one that is sanctionably frivolous." *Id.* The *DFS* Court held that "an even greater showing—bad faith—is required for an exercise of a trial court's inherent power to sanction." *Id.* at ¶ 32.

Here, although not explicit, Defendants imply that Plaintiffs acted in bad faith by refusing to call the Guam Workers Compensation Commission ("WCC") to ask if a worker is covered by workers compensation on his first day on the job. Reply, at 2. However, even assuming Plaintiffs' could have obtained an affirmative answer to this question from the WCC, there is no binding Guam precedent explicitly affirming this Court's interpretation of the 22 GCA § 9103(i). Simply because the WCC and its lawyers may interpret the law to apply a certain way would not preclude a court from adopting a different interpretation if the issue is presented for adjudication.

Although the Court does find that Plaintiff's purported interpretation of 22 GCA §

9103(i) would lead to absurd results, the Court does not find evidence that Plaintiffs have acted in bad faith in bringing their Complaint. Accordingly, this Court, in its discretion, declines to impose Rule 11 sanctions upon Plaintiffs for the filing of their Complaint.

## CONCLUSION

For the foregoing reasons and in accordance with the applicable law, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** Defendants' Motion for Rule 11 Sanctions.

SO ORDERED: _____ JUL 0 5 2022 _____

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
*Rachel Taimanao-Ayuyu*
*Roberta Fowler Visosky*
Date: 7/5/22 Time: 3:57pm

_____
Deputy Clerk, Superior Court of Guam

12